## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TERRA-COM COMMUNICATIONS CORP., | Court File No. 0:19-cv-00677 |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| NORTH CENTRAL-PACIFIC SERVICES, INC., | |
| Defendant. | |

## COMPLAINT

The above-named Plaintiff, for its complaint against Defendant, state and allege as follows:

## THE PARTIES

1. Plaintiff Terra-Com Communications Corp. is a Minnesota corporation with its place of business at 14520 Quiram Drive, Rogers, MN 55374.

2. Defendant North Central-Pacific Services, Inc. is a Minnesota corporation with a place of business at 16811 Notre Dame Street, Forest Lake, MN 55025. Defendant is a motor carrier transporting property on the highways in interstate commerce registered with the Federal Motor Carrier Safety Administration.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. The causes of action alleged in this complaint arise under the laws of the United States regulating the activities of motor carriers transporting property in interstate commerce, including 49 U.S.C. §§ 13501, 14102 and 14704(a)(1) and (2), and 49 C.F.R. § 376.1 et seq.

4.      Venue is based upon 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims raised herein occurred in this district. The Defendants are residents of this district within the meaning of 28 U.S.C. §1391(c) because they are subject to personal jurisdiction at the time this action was commenced.

## FACTS COMMON TO ALL COUNTS

5.      At all times material, Plaintiff was an "owner" of commercial vehicles within the meaning of 49 C.F.R. § 376.2(d) and a "lessor" within the meaning of 49 C.F.R. § 376.2(f).

6.      Defendant is a motor carrier as defined at 49 U.S.C. § 13102(12). 49 C.F.R. § 376.12 mandates that leases between motor carriers such as Defendant and truck owners such as the Plaintiff must contain specific terms, and that regulated motor carriers such as Defendant must adhere to those terms.

7.      In January 2018, Plaintiff entered into a lease with Defendant, a copy of which is attached to this Complaint as Exhibit A.

## COUNT ONE – STATUTORY CLAIM UNDER 49 U.S.C. § 14704(a)(1)

8.      Pursuant to 49 U.S.C. § 14704(a)(2) a carrier providing transportation or service subject to jurisdiction under 49 U.S.C. § 13501 et seq. is liable for damages sustained by a person for violations of 49 U.S.C. § 13101 et seq. and of regulations promulgated pursuant to 49 U.S.C. § 14102.

9.      Plaintiff seek damages caused by Defendant's violations of lease and interchange regulations, 49 C.F.R. §§ 376.11 and 376.12. Plaintiff also seek injunctive relief directing Defendant to comply with 49 C.F.R. §§ 376.11 and 376.12.

10.     49 C.F.R. Part 376 governed the lease arrangements between Plaintiff and

Defendant. At all times material, 49 C.F.R. § 376.12 provided, in part, that the written lease required therein "shall be adhered to and performed by the authorized carrier."

11. At all times material, 49 C.F.R. § 376.12(c) provided in pertinent part as follows:

(c) Exclusive possession and responsibilities. (1) The lease shall provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease. The lease shall further provide that the authorized carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease.

12. Plaintiff's lease with Defendant did not comply with 49 C.F.R 376.12(c)(1).

13. At all times material, 49 C.F.R. § 376.12(d) provided in pertinent part as follows:

(d) Compensation to be specified. The amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease. Such lease or addendum shall be delivered to the lessor prior to the commencement of any trip in the service of the authorized carrier. An authorized representative of the lessor may accept these documents. The amount to be paid may be expressed as a percentage of gross revenue, a flat rate per mile, a variable rate depending on the direction traveled or the type of commodity transported, or by any other method of compensation mutually agreed upon by the parties to the lease. The compensation stated on the lease or in the attached addendum may apply to equipment and driver's services either separately or as a combined amount.

14. Plaintiff's lease with Defendant did not comply with 49 C.F.R § 376.12(d) because it did not clearly state on the face of the lease, or in an addendum that was attached to the lease, the amount to be paid by Defendant to Plaintiff for the lease of the equipment and drivers' services.

15. Though the leases did not specify compensation to be paid to Plaintiff, Defendant represented to Plaintiff that it would be paid specific percentages of the amounts charged to the customers. Defendant then failed to pay Plaintiff at the agreed-upon rate.

16. At all times material, 49 C.F.R. § 376.12 provided, in part, as follows:

(f) Payment period. The lease shall specify that payment to the lessor shall be made within 15 days after submission of the necessary delivery documents and other

3

paperwork concerning a trip in the service of the authorized carrier. The paperwork required before the lessor can receive payment is limited to log books required by the Department of Transportation and those documents necessary for the authorized carrier to secure payment from the shipper. The authorized carrier may require the submission of additional documents by the lessor but not as a prerequisite to payment. Payment to the lessor shall not be made contingent upon submission of a bill of lading to which no exceptions have been taken.

17. The lease did not comply with 49 C.F.R. § 376.12(f). Moreover, Defendant did not comply with this mandatory lease term because it failed to pay Plaintiff all compensation to which it was entitled within 15 days after submission of the necessary delivery documents.

18. At all times material, 49 C.F.R. § 376.12 provided as follows:

(g) Copies of freight bill or other form of freight documentation. When a lessor's revenue is based on a percentage of the gross revenue for a shipment, the lease must specify that the authorized carrier will give the lessor, before or at the time of settlement, a copy of the rated freight bill or a computer-generated document containing the same information, or, in the case of contract carriers, any other form of documentation actually used for a shipment containing the same information that would appear on a rated freight bill. When a computer-generated document is provided, the lease will permit lessor to view, during normal business hours, a copy of any actual document underlying the computer-generated document. Regardless of the method of compensation, the lease must permit lessor to examine copies of the carrier's tariff or, in the case of contract carriers, other documents from which rates and charges are computed, provided that where rates and charges are computed from a contract of a contract carrier, only those portions of the contract containing the same information that would appear on a rated freight bill need be disclosed. The authorized carrier may delete the names of shippers and consignees shown on the freight bill or other form of documentation.

19. The lease did not comply with 49 C.F.R. § 376.12(g). Moreover, Defendant did not comply with 49 C.F.R. § 376.12(g) because it failed to provide Plaintiff before or at the time of settlement, a copy of the rated freight bill or a computer-generated document containing the same information that would appear on the freight bill.

20. At all times material, 49 C.F.R. § 376.12 provided as follows:

(h) Charge-back items. The lease shall clearly specify all items that may be initially

4

paid for by the authorized carrier, but ultimately deducted from the lessor's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed. The lessor shall be afforded copies of those documents which are necessary to determine the validity of the charge.

21.     The lease did not comply with 49 C.F.R. § 376.12(h). Moreover, Defendant did not comply with this mandatory lease term because it made deductions from Plaintiff's compensation which were not specifically authorized by the lease, and because it failed to afford Plaintiff with copies of documents necessary to determine the validity of charge-backs. Specifically, Defendant made unauthorized deductions from funds owed to Plaintiff for items including but not limited to cash advances, fuel costs, and repair costs, and failed to provide accounting to support these chargebacks.

22.     At all times material, 49 C.F.R. § 376.12 provided as follows:

(i) Products, equipment, or services from authorized carrier. The lease shall specify that the lessor is not required to purchase or rent any products, equipment, or services from the authorized carrier as a condition of entering into the lease arrangement. The lease shall specify the terms of any agreement in which the lessor is a party to an equipment purchase or rental contract which gives the authorized carrier the right to make deductions from the lessor's compensation for purchase or rental payments.

23.     The lease did not comply with 49 C.F.R. § 376.12(i).

24.     At all times material, 49 C.F.R. § 376.12(j)(i) provided as follows:

The lease shall clearly specify the legal obligation of the authorized carrier to maintain insurance coverage for the protection of the public pursuant to FMCSA regulations under 49 U.S.C. 13906. The lease shall further specify who is responsible for providing any other insurance coverage for the operation of the leased equipment, such as bobtail insurance. If the authorized carrier will make a charge back to the lessor for any of this insurance, the lease shall specify the amount which will be charged-back to the lessor.

25.     At all times material, 49 C.F.R. § 376.12(j)(i) provided as follows:

(3) The lease shall clearly specify the conditions under which deductions for cargo

or property may be made from the lessor's settlements. The lease shall further specify that the authorized carrier must provide the lessor with a written explanation and itemization of any deductions for cargo or property damage made from any compensation of money owed to the lessor. The written explanation and itemization must be delivered to the lessor before any deductions are made.

26. The lease did not comply with 49 C.F.R. § 376.12(j)(i)(3). Additionally, Defendant did not comply with 49 C.F.R. § 376.12(j)(i)(3) because it made unauthorized deductions for alleged property damage from the compensation to be paid to Plaintiff and failed to provide any accounting in support of these deductions.

27. Under 49 U.S.C. § 14704(a)(1), Plaintiff is entitled to recover damages from Defendant caused by Defendant's failure to comply with 49 C.F.R. § 376.12. Plaintiff is also entitled to injunctive relief requiring Defendant to comply with 49 C.F.R. § 376.12.

28. As a result of Defendant's violations of 49 C.F.R. §§ 376.11 and 376.12, Plaintiff has incurred damages in an amount to be determined at trial.

## COUNT TWO – BREACH OF CONTRACT

29. For Count Two of its Complaint, Plaintiff realleges those matters set forth in paragraphs 1 through 28 above and further states:

30. Defendant breached its lease contract with Plaintiff that incorporated the provisions specified in 49 C.F.R. § 376.12 as a matter of law.

31. Defendant failed to pay Plaintiff the agreed upon compensation.

32. As a result of the breach of the lease by Defendant, Plaintiff has incurred damages in an amount to be determined at trial.

## JURY TRIAL DEMAND

33. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all issues triable as of right by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment from the Court as follows:

A. As to Count One, awarding each Plaintiff judgment against Defendant North-Central Pacific Services, Inc. for damages for violations of 49 C.F.R. § 376.12 pursuant to 49 U.S.C.§ 14704(a)(2), including interest thereon, and injunctive relief directing North-Central Pacific Services, Inc. to comply with 49 C.F.R. § 376.12;

B. As to Count Two, awarding each Plaintiff judgment against Defendant North-Central Pacific Services, Inc. for damages caused by breach of the lease;

C. Awarding Plaintiff's attorney fees and costs pursuant to 49 U.S.C. § 14704(e); and

D. For such other relief as the Court deems just and equitable.


Dated: March 6, 2019                     /s/ Paul O. Taylor
                                         Peter L. LaVoie (No. 398441)
                                         Paul O. Taylor (No. 161962)
                                         Luke I. Haqq (No. 400096)
                                         ATTORNEYS FOR PLAINTIFFS
                                         Taylor & Associates, Ltd.
                                         5100 Edina Industrial Blvd., Suite 230
                                         Edina, MN 55439
                                         Tel. No. (952) 657-5780
                                         Fax No. (888) 763-8395