UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terra-Com Communications Corp.,

    Plaintiff,

v.

North Central-Pacific Services, Inc.,

    Defendant.

Case No. 19-cv-677 (JNE/TNL)
ORDER

Paul O. Taylor and Peter L. LaVoie, Taylor & Associates, Ltd., appeared for Terra-Com Communications Corp.

North Central-Pacific Services, Inc., did not appear.

Asserting a claim under 49 U.S.C. § 14704 and a claim for breach of contract, Terra-Com Communications Corp. brought this action against North Central-Pacific Services, Inc. After entry of North Central-Pacific Services' default, Terra-Com Communications moved for default judgment. *See* Fed. R. Civ. P. 55(a)-(b). For the reasons set forth below, the Court grants Terra-Com Communications' motion.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true …." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested."). "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852-53 (quoting *Murray*, 595 F.3d at 871).

1

According to the Complaint, Terra-Com Communications was an owner and lessor of commercial vehicles, North Central-Pacific Services was a motor carrier, and Terra-Com Communications and North Central-Pacific Services entered into a lease agreement.  The lease did not comply with regulations that appear in 49 C.F.R. Part 376.  In particular, "Plaintiff's lease with Defendant did not comply with 49 C.F.R. § 376.12(d) because it did not clearly state on the face of the lease, or in an addendum that was attached to the lease, the amount to be paid by Defendant to Plaintiff for the lease of the equipment and drivers' services."  Compl. ¶ 14.  "Though the leases did not specify compensation to be paid to Plaintiff, Defendant represented to Plaintiff that it would be paid specific percentages of the amounts charged to the customers.  Defendant then failed to pay Plaintiff at the agreed-upon rate."  Compl. ¶ 15.

"A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part."  49 U.S.C. § 14704(a)(2).  "[T]he most logical reading of the language of § 14704(a)(2) is that it authorizes private parties to sue for damages for carrier conduct 'in violation of [regulations promulgated under] this part.'"  *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 192 F.3d 778, 785 (8th Cir. 1999) (second alteration in original).

"The lease agreements between owner-operators and the agent or carrier are governed by the Truth–In–Leasing regulations.  The regulations require that the lease be in writing and contain specific provisions."  *Mervyn v. Atlas Van Lines, Inc.*, 882 F.3d 680, 682 (7th Cir. 2018) (citation omitted); *see* 49 C.F.R. §§ 376.1, .11, .12.  "The

2

amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease." 49 C.F.R. § 376.12(d). "The lease shall specify that payment to the lessor shall be made within 15 days after submission of the necessary delivery documents concerning a trip in the service of the authorized carrier." *Id.* § 376.12(f). "The required lease provisions shall be adhered to and performed by the authorized carrier." *Id.* § 376.12.

According to Robert Petersen, Terra-Com Communications' sole shareholder and president, "Terra-Com Communications Corp. leased a truck-tractor and trailer to North Central-Pacific Services, Inc., a motor carrier, and provided contract hauling services"; North Central-Pacific Services agreed to pay Terra-Com Communications "a percentage of its revenue billed for each load hauled"; and North Central-Pacific Services owes Terra-Com Communications "$23,800 for hauling services provided between approximately July 8, 2018 and August 2, 2018." Terra-Com Communications is entitled to an award of damages of $23,800 against North Central-Pacific Services under § 14704(a)(2).

Terra-Com Communications sought an award of attorney's fees and costs. *See* 49 U.S.C. § 14704(e) ("The district court shall award a reasonable attorney's fee under this section. The district court shall tax and collect that fee as part of the costs of the action."). It sought $5,714.50 in attorney's fees and $441.18 in costs. The hourly rates and hours devoted to the litigation are reasonable. The Court awards $5,714.50 in attorney's fees to Terra-Com Communications. The Court denies Terra-Com Communications' request for $41.18 for "mileage expenses in serving the summons and

3

complaint upon the defendant." *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) ("Nor can KFC recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses."). The Court grants Terra-Com Communications' request for $400 for the filing fee. *See* 28 U.S.C. § 1920. Terra-Com Communications is entitled to postjudgment interest. *See id.* § 1961.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Terra-Com Communications' Motion for Entry of Default Judgment [Docket No. 9] is GRANTED.

2. Judgment in favor of Terra-Com Communications Corp. and against North Central-Pacific Services, Inc., is entered in the amount of $29,914.50.

3. Terra-Com Communications is entitled to postjudgment interest as set forth in 28 U.S.C. § 1961.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 23, 2019

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
